**SO ORDERED.**

**SIGNED this 09 day of February, 2007.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**John C. Cook**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Deloria B. Harris | ) | No. 06-14509 |
| | ) | Chapter 13 |
| Debtor | ) | |

## MEMORANDUM

This case is before the court on the Motion for Rehearing filed by the debtor on February 2, 2007. The motion asks the court to reconsider the Order entered on January 26, 2007, which denied the debtor's request to retransfer this case to the Northern District of Georgia, granted relief from the automatic stay to the debtor's mortgagee, and denied confirmation of the debtor's original proposed Chapter 13 plan.

The January 26 Order accorded *res judicata* effect to the determination, in the debtor's previous Chapter 13 case, that the mortgagee held a valid mortgage claim. The debtor contends in the Motion for Rehearing that the court should not have done so because an appeal of the order entered in the prior case in November 2004 is on appeal. However, no such appeal is

pending: the district court affirmed the order on March 8, 2006, and denied the debtor's motion for reconsideration on April 12, 2006; the debtor took a further appeal to the Sixth Circuit, but that appeal was dismissed on June 14, 2006, and the debtor's motions for reconsideration have not been granted. Moreover, even if an appeal was pending, "it is well established that a final trial court judgment operates as *res judicata* while an appeal is pending." *Commodities Export Co. v. U.S. Customers Serv.*, 957 F.2d 223, 228 (6th Cir. 1992) (citing *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 188-89 (1941), and other cases).

The Motion for Rehearing also asserts that the January 26 Order "is not in proper form for a dispositive ORDER," citing Rule 9021 of the Federal Rules of Bankruptcy Procedure. To resolve any issue in that regard, the court will enter a separate order disposing of the matters in the manner specified in the January 26 Order. The other issues raised by the debtor's motion are without merit.

For the foregoing reasons, the court will enter a separate order denying the debtor's Motion for Rehearing.

# # #