**SO ORDERED.**

**SIGNED this 26 day of March, 2007.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Deloria B. Harris** | ) | **No. 06-14509** |
| | ) | **Chapter 13** |
| **Debtor** | ) | |

### M E M O R A N D U M

This case is before the court on the Motion to Proceed *in Forma Pauperis* filed by the debtor on March 16, 2007. In the motion, the debtor seeks a waiver of the filing fee for appeal of the order entered on February 16, 2007. In ruling on the debtor's motion, the court is governed by the provisions of 28 U.S.C. § 1915.[1]

The court has reviewed the debtor's affidavit supporting her claim that she is indigent, and it appears doubtful that the debtor is indigent within the meaning of 28 U.S.C. § 1915.[2]

---

[1] Although there is now a statute providing for the waiver of fees for certain debtors in chapter 7 bankruptcy cases, 28 U.S.C. § 1930(f), this is a chapter 13 case so 28 U.S.C. § 1915 controls. *See* 28 U.S.C. § 1930(f)(3).

[2] The affidavit indicates that the debtor holds a $4,000 retirement plan, that she has acquired $1,000 in household goods since the commencement of this case six months ago, and that

Even if that issue were resolved in the debtor's favor, however, the debtor is still not entitled to relief under § 1915. Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appeal is not taken in good faith if the appeal is frivolous as a matter of law. *See Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994) ("An appeal is not taken in good faith if the issue presented is frivolous"); *In re Terry*, No. 01-12750C-7G, 2003 WL 23211568 (Bankr. M.D.N.C. June 18, 2003).

In this case, the court certifies that this appeal is not in good faith because the debtor's notice of appeal was filed more than ten days after the entry of the order on appeal. Fed. R. Bankr. P. 8002(a). "It is settled law that '[t]he 10-day period of Rule 8002(a) is jurisdictional. If the notice of appeal is not filed within the appropriate time period, the reviewing court does not have jurisdiction over the appeal.'" *In re Harris*, Nos. 1:05-CV-186, 1:05-CV-216, 2006 WL 572001, at *2 (E.D. Tenn. March 8, 2006) (citation omitted); *accord*, *e.g.*, *Considine v. Atkinson*, 188 F.3d 560 (6th Cir. 1999) (unpublished table decision), *available at* 1999 WL 644352, at *1; *Barclay v. Reimer & Lorber Co. (In re Barclay)*, 337 B.R. 728 (B.A.P. 6th Cir. Feb. 1, 2006) (unreported table decision), *available at* 2006 WL 238139, at *7. Hence, any appeal from the order entered on February 16, 2007, would be frivolous as a matter of law. Accordingly, an order will enter denying the debtor's Motion to Proceed *in Forma Pauperis*.

###

---

she now has $80 per month in excess disposable income, over and above her monthly living expenses (including a $1,400 rent or house payment) and the amount needed to make the payments required by her amended chapter 13 plan.