

**SIGNED this 02 day of May, 2007.**

_____
**R. Thomas Stinnett
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
Southern Division

In re

Deloria B. Harris

    Debtor

No. 06-14509
Chapter 13

**MEMORANDUM**

Appearances:   Deloria B. Harris, *Pro Se*

W. Bradley Weeks, Wagner, Nelson & Weeks, Chattanooga, Tennessee, Attorney for James R. Lowman

R. Thomas Stinnett, United States Bankruptcy Judge

This memorandum deals with a motion filed by the debtor, Deloria Harris, for a stay pending appeal. The debtor requests that the court stay the orders on appeal instead of requiring her to post a supersedeas bond. Fed. R. Bankr. P. 7062, 8005 & 9014.

The orders appealed by the debtor came about as follows. The debtor filed a motion to show cause – later referred to as a motion for sanctions. The basic facts were: (1) the debtor occupied real property located at 2502 Cummings Highway; (2) she occupied the property under an

undocumented agreement with Dale F. Cook who acquired an interest in the property under a contract to purchase it from the Lowman family; (3) after the debtor filed her bankruptcy case, the Lowmans filed a detainer action in the general sessions court for the purpose of obtaining possession of the property from Mr. Cook and any occupant of the property; (4) the general sessions court entered an order in favor of the Lowmans for possession only. The debtor's motion for sanctions asserted that the Lowmans' detainer action and the resulting order for possession violated the automatic stay that took effect when the debtor filed her bankruptcy case. 11 U.S.C. § 362(a); Docket No. 53. The Lowmans responded by filing a motion for relief from the automatic stay. Docket No. 56. The court denied the debtor's motion and granted the Lowmans' motion for relief from the automatic stay. Docket No. 72; 11 U.S.C. § 362(d).

The debtor filed a motion to reconsider, but the court denied it. Docket Nos. 75 & 78. The court also denied the debtor's subsequent motion to vacate the order. Docket Nos. 90 & 94. Finally, the court entered an order striking the debtor's notice of removal of the detainer action. Docket Nos. 92 & 95. The debtor filed a notice of appeal as to all four orders, but the key order is the first one, the order that denied the debtor's motion for sanctions and granted the Lowmans' motion for relief from the automatic stay. Docket No. 102 (notice of appeal).

About two weeks after filing the notice of appeal, the debtor filed the motion for a stay pending appeal. Docket No. 111. If the court grants a stay pending appeal, it will have the effect of continuing the automatic stay while the appeal is pending.

In deciding whether to the grant a stay pending appeal, the bankruptcy court considers the same factors that a district court would consider in deciding whether to grant a stay pending an appeal to the circuit court. Fed. R. Civ. P. 62; Fed. R. App. P. 8; *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F. 2d 150 (6th Cir. 1995), *rev'd on other grounds* 954 F.2d 1174 (6th Cir. 1992). The factors are (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies. *Hilton v. Braunskil*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d. 724 (1987); *In re Level Propane Gases, Inc.*, 304 B.R. 775 (Bankr. N. D. Ohio 2004); *In re Tubular Technologies, LLC*, 348 B.R. 699 (Bankr. D. S. C. 2006).

The debtor occupied the property under some sort of agreement with Dale F. Cook. Mr. Cook had acquired his interest in the property under an installment land sale contract between him as the buyer and the Lowmans as the sellers. The contract provided that Mr. Cook would pay for the property by making installment payments and would receive a deed to the property after completing the installment payments. The agreement also provided that the Lowmans could take the property back if Mr. Cook defaulted.

The parties have not made the point, but the contract reveals that the property is located in Tennessee and the contract was made in Tennessee. As to the property and the contract, Tennessee law is the controlling non-bankruptcy law. *Pyramid Operating Authority, Inc. v. City of Memphis (In re Pyramid Operating Authority, Inc.)*, 144 B.R. 795, 808-809 (Bankr. W. D. Tenn. 1992).

An installment land sale contract usually allows the seller a remedy that is not allowed by a mortgage, a deed of trust, or an express vendor's lien. The seller can terminate the installment contract and retake the property, and that is sufficient to extinguish the buyer's rights in the property. Juliet M. Moringello, *A Mortgage By Any Other Name: A Plea for Uniform Treatment of Installment Land Contracts and Mortgages under the Bankruptcy Code*, 100 Dick.L.R. 733, 740-743 (1996); Jay Lawrence Westbrook, *A Functional Analysis of Executory Contracts*, 74 Minn.L.R. 227, 320 (1989). The Tennessee courts have ruled that an installment land sale contract allows the seller a choice of remedies. The seller can choose termination or foreclosure. The seller can sell the property at foreclosure, apply the proceeds to payment of the purchase price, and have a claim against the buyer for any unpaid balance. In the alternative, the seller can terminate the contract, retain the payments already received from the buyer, retake the property, and forgo a claim against the buyer for any unpaid balance of the purchase price. *Caruthers v. McBurney*, 35 Tenn. 590 (1856); *Lane v. Manning*, 16 Tenn. 435 (1835).

The Lowmans have consistently argued that they terminated the contract and extinguished Mr. Cook's interest in the property. Since the detainer warrant mentions payment, it could be viewed as inconsistent with the remedy of termination and forfeiture, but the state court's order dealt only with possession. Docket No. 56, Exh. 3; Docket No. 79, Exh. 2. The court has no reason to doubt that the state courts will grant the appropriate remedy.

The debtor's current arguments are mostly an attack on the detainer action. The debtor is focusing on technical problems and directing attention away from the essential facts. Docket No. 75 (motion to reconsider); Docket No. 90 (motion to vacate). The basic dispute is between Mr. Cook and the Lowmans. Have the Lowmans terminated the contract, and if not, are they entitled to terminate it now? The Lowmans want this dispute decided quickly because Mr. Cook has control of the property and the debtor continues to use it, despite Mr. Cook's failure to make the contract payments. The debtor obviously wants to delay a decision, but why? The debtor can continue to use the property for the time she is able to prevent the Lowmans from taking it back from Mr. Cook. She can also preserve Mr. Cook's interest for that time. The automatic stay is intended to give a chapter 13 debtor a breathing spell, but the stay is not intended to allow the debtor the free use of another person's property for an indefinite period of time without paying the other person or otherwise protecting his interest. In this regard, the debtor's proposed chapter 13 plan and the amended plan, which was confirmed, did not provide for payment to the Lowmans or otherwise provide for protecting their interest. The plans provided for rent payments to Mr. Cook, but those payments would not necessarily benefit the Lowmans. The debtor has never made any good substantive argument for putting off a decision of the dispute between the Lowmans and Mr. Cook. She has argued that the Lowmans should be delayed even more because the unlawful detainer suit violated the automatic stay or did not comply with state law. The court disagreed with the debtor's argument for more delay, and the court still disagrees. In one court or another, the dispute between the Lowmans and Mr. Cook should be decided sooner rather than later.

Thus, the real question with regard to the automatic stay was whether this court or the state courts should decide the dispute between the Lowmans and Mr. Cook. Since the Tennessee courts regularly deal with such issues, they can easily and quickly decide the dispute. Administration of the debtor's chapter 13 case did not require this court to decide the dispute. Most importantly, the debtor's interest is entirely dependent on Mr. Cook's rights. The state court proceeding will require Mr. Cook to defend or not. Mr. Cook and the debtor cannot rely on the automatic stay in the debtor's bankruptcy case or other actions by the debtor in the bankruptcy case to delay a decision of the dispute with the Lowmans. If Mr. Cook has defenses or counterclaims against the Lowmans, he should be willing to assert them in state court. If he has no defenses or counterclaims, or if he chooses not to assert them, the question will be whether the debtor can assert his claims and defenses on his behalf. If she does have standing, she can take part in the state court proceedings as well as she can in this court. In this regard, the general sessions court has allowed an appeal to the circuit court without the posting of a bond. Docket No. 111, Exh. 1; Tenn. Code Ann. § 29-18-130. The procedure on appeal should provide Mr. Cook and the debtor, if she has standing, a full opportunity to defend. Tenn. Code Ann. §§ 29-18-131, 16-15-729 & 20-11-108; *Ware v. Meharry Medical College*, 898 S.W.2d 181 (Tenn. 1995). The state courts also have fair procedures for protecting Mr. Cook's or the debtor's interest until a final decision of the dispute with the Lowmans. In this regard, the debtor has already obtained a temporary restraining order from the circuit court without posting a bond. Docket No. 111, Exh. 2. In summary, the court did not find any good reasons for requiring the Lowmans to litigate with Mr. Cook in this court, but there were good reasons for allowing the litigation to continue in state court.

The debtor has also argued that the Lowmans were not entitled to have the automatic stay lifted because the real property is not property of the bankruptcy estate and therefore not subject to the automatic stay. The debtor's argument overlooks the broad definition of property of the bankruptcy estate. The debtor asserts an interest in the property and admits occupying part of it. The automatic stay protects even bare possession without a claim of right. 11 U.S.C. § 541(a); *Superior*

*Propane v. Zartun (In re Zartun)*, 30 B.R. 543 (9th Cir. B.A.P. 1983); *Emerson Quiet Cool Corp. v. Marta Group, Inc. (In re Marta Group, Inc.)*, 33 B.R. 634 (Bankr. E. D. Pa. 1983). Surely the seller or the holder of a lien on property occupied by the bankrupt debtor under an agreement with the purchaser has standing to obtain relief from the automatic stay. If the reasoning in *Comcoach* and *Kizelnik* disagrees with this result, then the court rejects the reasoning. The rules of standing in bankruptcy cases should not force the seller or lienholder into needless serial litigation in different courts just to avoid violating the automatic stay. *Roslyn Savings Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571 (2d Cir. 1983); *Ulster Savings Bank v. Kizelnik (In re Kizelnik)*, 190 B.R. 171 (Bankr. S. D. N. Y. 1995). compare In re Currinton, 300 B.R. 78 (Bankr. M. D. Fla. 2003); *see Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

In these circumstances, the debtor should not be granted a stay pending appeal. She cannot show a strong likelihood of success on the merits of the appeal. The decision to allow the state courts to decide the dispute between Mr. Cook and the Lowmans was easily justified by the facts and the law. There were no good reasons for requiring a decision by this court, but there were good reasons for allowing the state courts to decide the issues. Likewise, the potential harm to the debtor if the court does not grant a stay pending appeal is outweighed by the potential harm to the Lowmans from further delay if the court does grant a stay. The public interest – especially preventing abuse of the bankruptcy process – favors a quick decision of the dispute between the Lowmans and Mr. Cook in the state courts.

The court will enter an order denying the motion for a stay pending appeal. This Memorandum constitutes findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.

At Chattanooga, Tennessee.

# # #